UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

------------------------------------------------------------x

THE FULTON COUNTY ADMINISTRATOR  Civ-MIDDLEBROOKS/JOHNSON
FOR THE ESTATE OF LITA McCLINTON  Case No. 03-80849
SULLIVAN,

                            Plaintiffs,

                                      **DECLARATION OF BENNO A.**
      v.                                      **DEGRANDI**

MICHAEL BLANK and JULIUS BAER BANK,
LTD.,

                            Defendants.

------------------------------------------------------------x

I hereby declare under penalty of perjury under the law of the United States of America:

1. I am a Swiss lawyer having graduated from the University of Zurich Law School and passed the state bar exam of the Canton of Zug, Switzerland, and am General Counsel for Defendant Bank Julius Baer & Co Ltd. ("BJB" or the "Bank") located in Zurich, Switzerland.

2. I make this affidavit in support of the Bank's motion to dismiss the complaint in the above captioned matter, on the basis of *forum non conveniens*.

3. I have read the Complaint in the above-captioned matter. To the extent that Plaintiff is alleging that accounts, controlled by Mr. Sullivan, were held in Switzerland or Liechtenstein, such accounts would necessarily have been held in Switzerland as the Bank has no offices in Liechtenstein authorized to hold deposits.

4. Where the Bank holds deposits for a depositor in Switzerland, the relationship between the Bank *vis a vis* the depositor will be governed by Swiss law, including Swiss banking laws that dictate various obligations with respect to safeguarding a customers' private information [Article 47, Swiss Federal Banking Law].

5. Because of requirements under Swiss law, in an action brought by a third party (not a client or the Bank), the Bank would not be able to comply with requests of a judge or court of law or authority outside Switzerland, for disclosure regarding any client's past or current accounts and banking relationships, without facing sanctions thereunder [Article 47, Swiss Federal Banking Law; Article 271 paragraph 1, Swiss Penal Code].

6. The Bank is permitted to provide information and documents related to a client's past or present account and banking relationship to defend its own legitimate interests in an action brought by the respective client directly against the bank, or where the Bank has initiated proceedings directly against that same client in order to pursue its own legitimate interests.

7. The Bank has initiated proceedings against Mr. Sullivan in the Principality of Liechtenstein. The proceedings have already resulted in an order of the Court freezing accounts at Liechtenstein banks of which Mr. James Vincent Sullivan is the beneficial owner. In adherence to its obligations under Swiss law, the Bank has provided documents to the Princely Court of Liechtenstein in conjunction with those proceedings.

Dated: December 15, 2003
Zurich, Switzerland

_____
Benno A. Degrandi

NYDOCS04/391475.1