FILED by EG D.C.

ELECTRONIC

May 1 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| THE FULTON COUNTY ADMINISTRATOR FOR THE ESTATE OF LITA McCLINTON SULLIVAN, | * * * | |
| Plaintiff, | * | C.A. NO. 3-80849-Civ- |
| Vs. | * | MIDDLEBROOKS |
| MICHAEL BLANK and JULIUS BAER BANK, LTD., | * * | |
| Defendants. | * | |
| _____/ | | |

## OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P. 9(b) and 12(b)(6)

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff files her objections to the magistrate judge's Report and Recommendation issued on April 21 2004, and requests *de novo* review by the district court (Doc. No. 81). All the Plaintiff's submissions in opposition to Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) are incorporated herein by reference.

The Plaintiff objects to the magistrate judge's Report and Recommendation on the following grounds:

**1.  The magistrate judge erred in recommending dismissal of the Plaintiff's RICO claim based on mail and wire fraud predicate acts.**

1

The magistrate judge's recommendation of dismissal of the Plaintiff's RICO claims based on mail and wire predicate acts is based solely on her application of a supposed rule that in RICO cases based on mail and wire fraud predicate acts the plaintiff must <u>always</u> allege and prove that she "relied to her detriment on misrepresentations made in furtherance of the scheme." Report and Recommendation, pp. 9-10. The magistrate judge notes that the Plaintiff here alleges that the "fraudulent scheme did not involve any misrepresentations of fact to the Plaintiff, so none were made and relied on." Report and Recommendation, p. 11. So, the magistrate judge erroneously concluded that "it is manifest that unless a false or misleading misrepresentation [or omission] is made to and relied on by the plaintiff . . . none of which has been alleged in the Amended Complaint, there can be no valid claim of mail and wire fraud." Therefore, "it is impossible for the Plaintiff to state the crucial elements of any mail and wire fraud predicates." Report and Recommendation, p. 14.

This analysis is flawed because no such supposed rule exists or applies to a scheme to defraud in violation of mail and wire fraud statutes <u>that is committed other than by misrepresentation</u>, as the magistrate judge herself concedes can be the case. Report and Recommendation, p. 11.

The Report and Recommendation relies on four cases decided by the Eleventh Circuit as the basis for this erroneous conclusion: *Pelletier v. Zweifel*,

2

921 F.2d 1465, (11th Cir. 1991); *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001); *Beck v. Prupis*, 162 F.3d 1090 (11th Cir. 1998); *Sikes v. Teleline, Inc.*, 281 F.3d 1350 (11th Cir. 2002).  In each of these cases, the plaintiff claimed the mail and wire fraud violations were committed by the defendants' deception of the plaintiff by misrepresentations or omissions of material facts.  *Pelletier*, 921 F.2d at 1499; *Byrne*, 261 F.3d. at 1108-15; *Beck*, 162 F.3d at 1093-94; and *Sikes,* 281 F.3d 1354-55.   In these kinds of RICO mail and wire fraud cases, there is no doubt the correct rule is that the victim must allege and prove his injury was caused by his reliance on the defendant's misrepresentations or omissions.

However, the Report and Recommendation glosses over a fundamental principle.  The mail and wire fraud statutes contain <u>two separate offenses</u>, (1) fraud <u>and</u> (2) misrepresentation.  *United States v. Migliaccio*, 34 F.3d 1537 (10th Cir. 1994).  The phrases "scheme or artifice to defraud" and "scheme . . . for obtaining money or property by means of false or fraudulent pretenses, representations or promises" <u>are stated in the disjunctive</u> in 18 U.S.C.A. §§ 1341 and 1343, and <u>must be read independently</u> of one another.  <u>Each provides an independent ground</u> for prosecution and conviction of mail and wire fraud.  *United States v. Scott*, 701 F.2d 1340, 1343 (11th Cir.), *cert. denied*, 104 S. Ct. 175, (1983); *United States v. Falcone*, 934 F.2d 1528, 1551, n. 28 (11th Cir. 1991); and *United States v. LeDonne*, 21 F.3d 1418 (7th Cir.), *cert. denied*, 115 S. Ct. 584, (1994)(construing

3

parallel provisions of bank fraud statute, 18 U.S.C. §1344).  *See also* 2 Devitt, Blackmar & O'Malley, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 4TH ED. §40.13 and annotations.

For over 40 years, this district court has recognized and applied this rule: proof of a misrepresentation or omission <u>is not an essential element necessary to establish a mail or wire fraud violation</u>.  *See U.S. v. Hoffa*, 205 F.Supp. 710, 716 (S.D.Fla. 1962).  Mail and wire fraud is committed whenever a person devises a scheme or artifice to defraud[1] <u>or</u> to obtain money or property by false pretenses, representations or promises, and causes the mails or wires to be used in its execution.[2]  The use of the mails and wires need not be shown to be an essential element of the scheme.  *Pereira v. United States*, 347 U.S. 1, 74 S.Ct. 358, 362 (1954).

The phrase "scheme or artifice to defraud" has been broadly construed, but never precisely defined.  In common understanding, these words mean, "wronging one in his property rights by dishonest methods or schemes, and usually signify the deprivation of something of value by trick, deceit, chicane, or overreaching."

---

[1] "A scheme to defraud using the mails or wires means any deliberate plan of action or course of conduct by which someone intends to deceive or cheat another or by which someone intends to deprive another of something of value.  Such a scheme to defraud is actionable whether or not any false representations are made.  False and fraudulent pretenses and representations include direct false statements, half-truths, and knowing concealment of material facts."  2 Devitt, Blackmar & O'Malley, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 4TH ED. §40.13, mail Fraud, and annotations.

[2] For purposes of this discussion "mails" includes "private interstate carriers" such as Federal Express.

4

*McNally v. United States*, 483 U.S. 350, 107 S. Ct. 2875, 2881(1987); *Carpenter v. United States*, 484 U.S. 19, 108 S. Ct. 316, 321 (1987).  The mail and wire fraud statutes are construed very broadly to prevent the use of the mails or wires to further fraudulent enterprises.  They condemn any conduct that fails to reflect moral uprightness, fundamental honesty, fair play, and right dealing in general and business life of members of society.  *Blachly v. United States*, 380 F.2d 665 (5th Cir. 1967).[3]

This concept is of utmost importance in this case since the assets and funds subject to the Plaintiff's judgment lien against James Sullivan for wrongful death are valuable property rights, and the Defendants have deprived the Plaintiff of using those assets and funds to satisfy the judgment against Sullivan by dishonesty, deceit, trickery, chicanery, and overreaching.

It is well settled that schemes to hinder, delay, and defraud creditors by transferring or concealing assets to place them beyond the reach of creditors <u>are schemes to defraud</u>, and are violations of the mail and wire fraud statutes when the mails and wires are used to carry them out.  *U.S. v. Feldman*, 853 F.2d 648, 654 (9th Cir. 1988); *U.S. v. Bruckman*, 874 F.2d 57 (1st Cir. 1989); *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096 (2nd Cir. 1988); *Jacobs v. U.S.*, 395 F.2d 469 (8th Cir.

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to close of business on that date, would be binding as precedent on Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981).

1968); *Barnett v. Stern*, 93 B.R. 962 (N.D.Ill. Nov 30, 1988) (NO. 85 C 144) dismissing complaint on other grounds, rev'd and remanded for trial on the RICO mail fraud claims, *Barnett v. Stern*, 909 F.2d 973 (7th Cir. 1990); *Gutierrez v. Givens*, 989 F.Supp. 1033 (S.D.Cal. 1997); *Cadle Co. v. Schultz*, 779 F.Supp. 392 (N.D.Tex. 1991); *U.S. v. King*, 2000 WL 362026 *12 (W.D.N.Y. 2000).  In *Barnett v. Stern, supra*, the court held that a debtor's use of a trust to conceal his assets from his creditors, as was done here, constituted a pattern of racketeering activity, where numerous acts of mail fraud were committed in connection with the concealment of assets.  *See also,* 11 Transnat'l Law. 463 Transnational Lawyer Fall, 1998 PIERCING OFFSHORE ASSET PROTECTION TRUSTS IN THE CAYMAN ISLANDS: THE CREDITORS' VIEW,  fns. 486, 487, Stacey K. Lee (Available on Westlaw).

In fraudulent transfer and concealment cases, no misrepresentation is usually made to the creditor.  Instead, assets are transferred by the debtor and concealed from the creditor.  It is true that a civil RICO plaintiff must show not only that the mail or wire fraud statute has been violated, but that he suffered injury as a result of the violation.  In other words, the plaintiff's injury must have been proximately caused by the commission of the mail and wire fraud predicate acts.  *Pelletier*, 921 F.2d at 1499-1500.  Where misrepresentations and omissions are the gravamen of the plaintiff's claims, reliance on them establishes proximate cause.

Case 9:03-cv-80849-DMM   Document 84   Entered on FLSD Docket 05/03/2004   Page 7 of 12

However, the magistrate judge has overlooked the fact that reliance cannot be a proximate cause of loss in cases where mail and wire fraud are committed other than by misrepresentation or omission. These kinds of cases come under the general rule that a RICO predicate act is a proximate cause of injury to a civil RICO plaintiff <u>if it is a substantial factor in the sequence of responsible causation</u>. The plaintiff must show a direct relation between the injury asserted and the injurious conduct alleged. *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 112 S.Ct. 1311, 1317-18 (1992); *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1307 (11th Cir. 2003); *Maiz v. Virani*, 253 F.3d 641, 675 (11th Cir. 2001); *McCaleb v. A.O. Smith Corp.*, 200 F.3d 747, 752 (11th Cir. 2000); *Beck v. Prupis*, 162 F.3d 1090, 1095 (11th Cir. 1998); *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1399 (11th Cir. 1994).

Here the Defendants' conduct, including mailings and wirings, aiding Sullivan in transferring and concealing his assets subject to the Plaintiff's judgment to place them beyond her reach so they cannot be seized and applied to satisfy her judgment is beyond dispute a substantial factor in causing the injury she has suffered, *i.e.* <u>an uncollected judgment against Sullivan for $4,000,000 plus interest</u>. It is just common sense that if no misrepresentation omission is necessary to prove this kind of mail or wire fraud case, then there is no need for the plaintiff to prove reliance on any misrepresentation or omission here. To say otherwise is eliminates

a whole class of mail and wire fraud violations as viable RICO predicate acts contrary to the RICO statute, 18 U.S.C. § 1961, and the Congressional mandate that it be construed liberally. RICO Act, § 904(a); *U. S. v. Turkette*, 452 U.S. 576, 586, 101 S.Ct. 2524, 2530 (1981). "Indeed, if Congress' liberal-construction mandate is to be applied anywhere, it is in [18 U.S.C.] § 1964 [RICO's civil remedy provision], where RICO's remedial purposes are most evident." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 491, 105 S.Ct. 3275, 3282, fn. 10 (1985).

It is axiomatic that appellate decisions only establish rules of decisional law applicable to the facts presented by the particular case. *Pelletier; Byrne; Beck*, and *Sikes*, were correctly decided on their facts, but were misapplied by the magistrate judge to this case because the facts of this case, *i.e.* the methods of committing the mail and wire fraud, are different from the facts in those cases. Accordingly, the district court should not adopt the Report and Recommendation to dismiss.

**2.    The magistrate judge erred in recommending dismissal of the Plaintiff's RICO claim based on money laundering.**

The magistrate judge erroneously concluded that the money James Sullivan and the Defendants are concealing from the Plaintiff is not proceeds of Lita Sullivan's murder. Pursuant to O.C.G.A. §§ 51-4-1, 51-4-4, and 51-4-5, when James Sullivan had his wife murdered, he became indebted to her heirs for an amount equal to the full value of her life as shown by the evidence. That debt is proceeds derived from Lita Sullivan's murder as a matter of Georgia law. Assets

8

and funds charged with the lien of the judgment enforcing that debt are what the Defendants are concealing and withholding from the Plaintiff by illegal transfers in violation of the federal money laundering statutes.

Furthermore, the fact that estate and divorce proceedings occurred in Georgia, not Florida, is irrelevant. The marital property rights at issue in the divorce arose under Florida law, so far as the concealed assets and funds are concerned because they were never in Georgia. They were always in Florida.

Accordingly, the district court should not adopt the Report and Recommendation to dismiss.

**3      The magistrate judge erred in recommending dismissal of the Plaintiff's state law claims.**

The magistrate judge overlooked the basis for this court's exercise of removal jurisdiction when she dismissed the state law claims as ancillary under 28 U.S.C. § 1367, with leave to re-file in state court. This case was originally filed in state court, and was removed to this court by the Defendants based on 12 U.S.C. §§ 632 and 3102(b). (Doc. No. 1). These statutes give a federally chartered branch of a foreign bank a right to remove any suit against it to federal court at any time before trial, even if the claims asserted are based solely on state law. Since removal jurisdiction in this court was never based on federal question jurisdiction under 28 U.S.C. § 1331, dismissal of the state claims with leave to re-file in state court merely because the federal claims are dismissed is a vain thing to do, since

9

the new state proceeding will be removed right back to this court when re-filing occurs. Accordingly, the district court should not adopt the Report and Recommendation to dismiss.

## CONCLUSION

The district court should not adopt the Report and Recommendation to dismiss the complaint.

Respectfully submitted, this 1st day of May 2004.

                              Attorneys for Plaintiff:

                              BOONE & STONE

                              By: S/ David Wm. Boone
                                    David Wm. Boone
                                    Florida State Bar No. 259081

3166 Mathieson Drive
Atlanta, Georgia  30305
TEL   404/239-0305
FAX  404/239-0520
Email address:  david.boone@dwboonelaw.net

                              By: S/ William S. Stone
                                    William S. Stone
                                    Georgia State Bar No. 684636

P. O. Drawer 70
Blakely, Georgia 39823
TEL   229/723-3045
FAX  229/723-4834
Email address:  billstone@stonelaw.com

10

                                                John B. (Brad) Moores
                                                Florida State Bar No. 364-789

Phillips Point
777 South Flagler Drive
West Tower - Suite 800
West Palm Beach, FL 33401
TEL   561/515-6059
FAX   561/659-6493
Email address:  JBMoores@msn.com

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the foregoing upon all parties and their counsel by depositing the same in the United States mail in an envelope with sufficient postage attached thereto properly addressed to the following persons:

Jane W. Moscowitz
MOSCOWITZ MOSCOWITZ & MAGOLNICK, P.A.
Mellon Financial Center
1111 Brickell Avenue, Suite 2050
Miami, Florida 33131
TEL 305/379-8300
FAX 305/379-4404
jmoscowitz@mmmpa.com

Danforth Newcomb
Margaret A. Helen Macfarlane
Kiera S. Gans
SHEARMAN & STERLING, LLP
599 Lexington Ave.
New York, NY 10022
TEL 212/848-4000
FAX 212/848-7179

Barry Wm. Levine
Leon B. Kellner
Adam Proujansky
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L St. NW
Washington, DC 20037
TEL 202/785-9700
FAX 202/887-0689

Brian B. Joslyn
BOOSE CASEY CIKLIN LUBITZ
 MARTENS McBANE & O'CONNELL
515 North Flagler Drive
18th Floor
West Palm Beach, FL  33401

This 1st day of May 2004.

<u>S/ William S. Stone</u>