

FILED by _____ D.C.
ELECTRONIC

**Jun 25 2004**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

THE FULTON COUNTY           *
ADMINISTRATOR FOR THE
ESTATE OF LITA McCLINTON    *
SULLIVAN,
                            *

    Plaintiff,                C.A. NO. 3-80849-Civ-
                            *   MIDDLEBROOKS

Vs.
                            *

MICHAEL BLANK and JULIUS    *
BAER BANK, LTD.,            *

    Defendants.             *
_____/

## <u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

COMES NOW YOUR PLAINTIFF above named and pursuant to the Court's order dated June 15, 2004 amends her Complaint for Damages, showing the Court as follows:[1]

1.   The Plaintiff is the Public Administrator for Probate in Fulton County, Georgia and as such was the duly appointed personal representative for the Estate of Lita McClinton Sullivan, deceased.  The Plaintiff is a citizen of the state of Georgia.  The Plaintiff was also the Plaintiff in a

---

[1] Over the Plaintiff's objection, the Court adopted the magistrate judge's report and recommendation that Counts 1 through 9 of the First Amended Complaint be dismissed with prejudice.  They are included in this Amended Complaint solely to preserve Plaintiff's right to appeal from that order, and not out of any disrespect for it or disobedience to it.  The amendment made here is the one the Court ordered to Count 10 of the First Amended Complaint to state a claim for unjust enrichment or implied contract.

1

wrongful death lawsuit filed and tried in Palm Beach County, Florida, styled as *The Fulton County Administrator for the Estate of Lita McClinton Sullivan, Plaintiff, vs. James Vincent Sullivan, Defendant* (Palm Beach County Circuit Court Case No. CL 91-14591 AH) (hereafter the wrongful death action), and as a result of that wrongful death action, is now an unsatisfied judgment creditor of James Vincent Sullivan.

2.    This is an action for damages and other appropriate relief brought in response to a scheme and conspiracy among James Vincent Sullivan, the Defendants, and others, to defraud Sullivan's creditors, including the Plaintiff, by concealing his assets, and hindering and delaying the collection of the debts Sullivan owes his creditors.

3.    The Plaintiff asserts claims for violation of the Federal Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. §§ 1961 *et seq* (RICO), Florida Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.01, *et. seq.* ("Florida CRCPA"), fraudulent property transfers, and interference with property rights.

4.    The court has jurisdiction of the federal claims in this matter pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 18 U.S.C. § 1964, RICO jurisdiction.

5.    The court also has jurisdiction of this matter based on diversity of citizenship under 28 U.S.C. § 1332, in that the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.    The court also has supplemental jurisdiction of the Plaintiff's state law claims asserted in this matter pursuant to 28 U.S.C. §1367.

7.    The claims asserted herein arose in this district and division.

8.    Venue properly lies in this district and division pursuant to the provisions of 18 U.S.C. §1965 and 28 U.S.C. §1391 because the Defendants resident in this district, and a substantial portion of the transactions forming the basis of this action occurred in this district.

9.    Defendant Bank Julius Baer Company, Ltd. (hereafter referred to as Julius Baer-Florida) is a corporation organized under the laws of this state, doing business in this district and division as the actual, implied, or apparent agent and International Representative Office of Bank Julius Baer & Company Ltd. of Zurich, Switzerland (hereafter referred to as Julius Baer-Switzerland).

10.   Julius Baer-Florida is actual, implied, or apparent agent of Julius Baer-Switzerland and is otherwise associated with it.  All acts and omissions of Julius Baer-Florida forming the basis of the Plaintiff's claims asserted

3

herein were done in the course and scope of its authority as the actual, implied, or apparent agent of Julius Baer-Switzerland in furtherance of the business of Julius Baer-Switzerland so that Julius Baer-Switzerland is legally responsible for harm thereby caused to the Plaintiff.

11.   Julius Baer-Florida is the alter ego of Julius Baer-Switzerland over which Julius Baer-Switzerland has and exercises complete control. Although the two companies are organized as separate corporations, there is in fact no genuine corporate separateness, and for that reason the corporate entities should be disregarded in the interests of equity and justice.

12.   Defendant Michael Blank (hereafter referred to as Blank) is a resident of Palm Beach County, Florida and this district.

13.   Defendant Blank is the agent or employee of Julius Baer-Florida and Julius Baer-Switzerland, and is otherwise associated with both of them. All acts and omissions of Defendant Blank forming the basis of the Plaintiff's claims asserted herein were done in the course and scope of his authority as the actual, implied, or apparent agent of Julius Baer-Florida, Julius Baer-Switzerland, or both of them, in furtherance of the business of Julius Baer-Florida, Julius Baer-Switzerland, or both of them, so that Julius Baer-Florida, Julius Baer-Switzerland, or both of them, are legally responsible for harm thereby caused to the Plaintiff.

4

14.  James Vincent Sullivan (hereafter Sullivan) is a United States citizen currently residing in Bangkok, Thailand.

15.  Sullivan is the former husband of Lita McLinton Sullivan, deceased.

16.  On January 16, 1987, Sullivan murdered, or caused Lita Sullivan to be murdered, in Atlanta, Georgia.

17.  Lita Sullivan died intestate, and her parents, Emory and Joanne McClinton, are her sole heirs at law and the beneficiaries of the action for her wrongful death.   The Plaintiff was appointed as the personal representative of her estate by the Probate Court of Fulton County, Georgia.

18.  On February 24, 1994, in the wrongful death action, the Plaintiff obtained a civil judgment against Sullivan for $4 million dollars plus all statutory interest and costs.  Sullivan was found liable for conspiring with others to murder Lita Sullivan to prevent her acquisition of marital assets through a divorce proceeding pending at the time of her murder.

19.  The judgment against Sullivan in the wrongful death action constitutes a lien against all Sullivan's assets and property from the date of rendition.  The judgment has become final and *res judicata*, and remains wholly unsatisfied.  The judgment has been duly and properly recorded and

5

the public has been on record notice of its lien against all Sullivan's property and assets from the date of its rendition.

20.  Prior to the murder of his wife, Lita Sullivan, Sullivan was a resident of this district.

21.  In an attempt to evade prosecution, judgment, and punishment for his actions in causing the murder of Lita Sullivan, Sullivan became a fugitive from justice, first to fleeing the United States to Costa Rica, and then to Thailand, possibly sojourning elsewhere at various times.

22.  On April 23, 1998, Sullivan was indicted for the murder of Lita Sullivan by the grand jury for the Superior Court of Fulton County, Georgia. An international fugitive warrant was issued for his arrest.

23.  Sullivan was eventually found and arrested on or about July 2, 2002 in Bangkok, Thailand.  Presently he incarcerated there pending extradition to Georgia to be prosecuted for the murder of Lita Sullivan.

24.  Immediately upon the murder of Lita Sullivan, and by reason of the fact that he caused her murder, Sullivan was presumed by law to have pre-deceased her, and all of his property and assets became property of her estate, with title thereto vested in the Plaintiff.  Anyone who thereafter accepted a transfer of any property from Sullivan interfered with property

belonging to the estate of Lita Sullivan at their own risk, and incurred legal liability to the Plaintiff to return such property or its value to the estate.

25.  Following entry of the judgment in the wrongful death action, Sullivan has engaged in transfers of property and assets under his control which lawfully belong to the estate of Lita Sullivan in an effort to hinder, delay, and defraud his creditors, including the Plaintiff, and otherwise the Plaintiff from collecting the wrongful death judgment and recovering assets belonging to the estate of Lita Sullivan.

26.  The indictment of and search for Sullivan by law enforcement authorities was notorious and highly publicized, particularly in Palm Beach County, Florida, where he was a prominent and public business and social figure.

27.  At all material times Defendants Blank and Julius Baer-Florida, and through them, Julius Baer-Switzerland knew or in the exercise of reasonable care, diligence, and inquiry, should have known that Sullivan was indebted to the Plaintiff for $4 million plus interest and costs on the recorded, unsatisfied wrongful death judgment.

28.  Defendant Blank knew Sullivan personally, and had personal knowledge of the verdict and judgment in the wrongful death action, Sullivan's indictment for murder, Sullivan's international flight to avoid

arrest and prosecution, and Sullivan's capture, incarceration, and the extradition proceedings in Thailand. Blank's knowledge of these matters is imputed to his principals, Julius Baer-Florida and Julius Baer-Switzerland.

29. At all material times Defendants Blank and Julius Baer-Florida, and through them, Julius Baer-Switzerland, knew or in the exercise of reasonable care, diligence, and inquiry, should have known that Sullivan was an international fugitive from justice who was, or was likely to, transfer his assets to conceal them and hinder, delay, and defraud his creditors, including the Plaintiff from collecting the wrongful death judgment and recovering assets belonging to the estate of Lita Sullivan.

30. Defendant Blank had personal knowledge that Sullivan needed unrestricted access to substantial funds to succeed in his flight to avoid arrest and prosecution, and his efforts to hinder, delay, and defraud his creditors, including the Plaintiff from collecting the wrongful death judgment and recovering assets belonging to the estate of Lita Sullivan. Blank's knowledge of these matters is imputed to his principals, Julius Baer-Florida and Julius Baer-Switzerland.

31. Andreas Schurti (hereafter referred to as Schurti) is a citizen and resident of the Principality of Liechtenstein.

32.   Defendant Blank knew Schurti personally, and had been involved in business transactions with him for a number of years.   Some of these business transactions involved setting up off-shore accounts and trusts to conceal the identity, existence, and location of assets and funds, as well as the identify of the person having beneficial control and use of them, to hinder, delay, and defraud the creditors of such illegitimate beneficiaries.

33.   Defendant Blank had personal knowledge that Sullivan had established Nicola Resources, Inc., a purported corporation organized under the laws of the British Virgin Islands, which had no legitimate business or business purpose.   Blank and Schurti aided, abetted Sullivan, counseled and assisted him, and participated in the establishment of Nicola Resources, Inc. solely to conceal the existence, identity, and location of property under Sullivan's control which belonged to his creditors, including the Plaintiff. Blank's knowledge of these matters is imputed to his principals, Julius Baer-Florida and Julius Baer-Switzerland.

34.   Defendant Blank had personal knowledge that Sullivan was engaged in establishing offshore accounts utilizing Nicola Resources, Inc., as the putative account holder, to conceal his own identity and control of the funds held or to be held in those accounts.   Blank and Schurti aided, abetted Sullivan, counseled and assisted him, and participated in the establishment

9

of these off-shore accounts solely to conceal the existence, identity, and location of property under Sullivan's control which lawfully belonged to his creditors, including the Plaintiff and the estate of Lita Sullivan. Blank's knowledge of these matters is imputed to his principals, Julius Baer-Florida and Julius Baer-Switzerland.

35. Sullivan and Schurti used Nicola Resources, Inc. to establish a trust in the country of Liechtenstein, with Schurti as its trustee, known as the WalPart Trust. The purpose of the trust was to conceal the existence, identity, and location of property under Sullivan's control which lawfully belonged to his creditors, including the Plaintiff and the estate of Lita Sullivan, to manage and invest that property and those assets, and to make them available to Sullivan for his use and benefit, and to further his efforts as a fugitive to avoid arrest, prosecution, and payment of the lawful claims of his creditors.

36. Defendant Blank had personal knowledge that Sullivan was establishing the trust in Liechtenstein, with Schurti as its trustee for these illegitimate purposes. Blank and Schurti aided, abetted Sullivan, counseled and assisted him, and participated in the establishment of the trust for these illegitimate purposes. Blank's knowledge of these matters is imputed to his principals, Julius Baer-Florida and Julius Baer-Switzerland.

37.  Sullivan, Blank, and Schurti did in fact use, and are continuing to use, the WalPart Trust to conceal the existence, identity, and location of property under Sullivan's control which lawfully belonged to his creditors, including the Plaintiff and the estate of Lita Sullivan, to manage and invest that property and those assets, and to make them available to Sullivan for his use and benefit, and to further his efforts as a fugitive to avoid arrest, prosecution, and payment of the lawful claims of his creditors.  Blank's knowledge of these matters is imputed to his principals, Julius Baer-Florida and Julius Baer-Switzerland.

38.  Sullivan, Blank, Julius Baer-Florida, and Schurti did in fact cause funds in the Nicola Resources, Inc. and WalPart Trust accounts transferred to Julius Baer-Switzerland under the direction and control of Julius Baer-Florida.

39.  Julius Baer-Switzerland and Julius Baer-Florida managed several accounts for Schurti and the WalPart Trust, including a United States dollar currency account, a Swiss franc currency account, and an investment portfolio account established to conceal the existence, identity, and location of property under Sullivan's control which lawfully belonged to his creditors, including the Plaintiff and the estate of Lita Sullivan, to manage and invest that property and those assets, and to make them available to

11

Sullivan for his use and benefit, and to further his efforts as a fugitive to avoid arrest, prosecution, and payment of the lawful claims of his creditors. Funds and assets which lawfully belonged to his creditors, including the Plaintiff and the estate of Lita Sullivan were received by Julius Baer-Florida and Julius Baer-Switzerland, and were on deposit in those accounts.

40.   Defendant Blank had personal knowledge that funds and assets concealed in the above described transfer scheme were transferred to Julius Baer-Florida and Julius Baer-Switzerland.   Blank's knowledge of these matters is imputed to his principals, Julius Baer-Florida and Julius Baer-Switzerland.

41.   In all of these matters, Defendant Blank, Defendant Julius Baer-Florida, and Julius Baer-Switzerland acted as Sullivan's agent, assisting, aiding, and abetting these transactions.

42.   These transactions remained concealed from and unknown to the Plaintiff and his counsel until the Federal Bureau of Investigation searched Sullivan's residence in Bangkok, Thailand, and found the document attached hereto as Exhibit 1 and incorporated by reference which outlines some of the financial transactions by which Sullivan concealed assets in his possession, custody, and control, and demonstrates the Defendants' participation in that

criminal and fraudulent endeavor. Accordingly, any applicable statute of limitation has been tolled by Defe fraudulent concealment

COUNT I
FEDERAL "RICO" CLAIM
VIOLATION OF 18 U.S.C. §1962(a)

The Federal RICO "Persons"

43. Paragraphs 1 through 42 are incorporated by reference.

44. The Plaintiff is a "person" within the meaning of Federal RICO.

45. Each defendant is a "person" within the meaning of Federal RICO.

46. Sullivan is a "person" within the meaning of Federal RICO.

47. Nicola Resources, Inc. is a "person" within the meaning of Federal RICO.

48. Schurti is a "person" within the meaning of Federal RICO.

49. The Leichtenstein trust is a "person" within the meaning of Federal RICO.

The Federal RICO "Enterprises"

50. Sullivan is an "enterprise" engaged in, and the activities of which affect, interstate and foreign commerce, within the meaning of Federal RICO.

13

51. Julius Baer-Florida is an "enterprise" engaged in, and the activities of which affect, interstate and foreign commerce, within the meaning of Federal RICO.

52. Julius Baer-Switzerland is an "enterprise" engaged in, and the activities of which affect, interstate and foreign commerce, within the meaning of Federal RICO.

53. Nicola Resources, Inc. is an "enterprise" engaged in, and the activities of which affect, interstate and foreign commerce, within the meaning of Federal RICO.

54. The Leichtenstein trust is an "enterprise" engaged in, and the activities of which affect, interstate and foreign commerce, within the meaning of Federal RICO.

<u>Relationship of Federal RICO Persons and Enterprises</u>

55. Defendant Blank was "employed" by or "associated" with Sullivan, Julius Baer-Florida and Julius Baer-Switzerland within the meaning of Florida CRCPA.

56. Defendant Blank was "associated with" Nicola Resources, Inc. and the Leichtenstein trust within the meaning of Florida CRCPA

14

57. Defendant Julius Baer-Florida was "employed" by or "associated" with Sullivan and Julius Baer-Switzerland within the meaning of Florida CRCPA.

58. Defendant Julius Baer-Florida was or "associated" with Defendant Blank, Nicola Resources, Inc. and the Leichtenstein trust within the meaning of Florida CRCPA.

### The Fraudulent Scheme

59. Sullivan, Blank, Schurti, Julius Baer-Florida, and Julius Baer-Switzerland, devised and executed a fraudulent scheme to defraud Sullivan's creditors by concealing the existence, identity, and location of property under Sullivan's control which lawfully belonged to his creditors, including the Plaintiff and the estate of Lita Sullivan, to manage and invest that property and those assets, and to make them available to Sullivan for his use and benefit, and to further his efforts as a fugitive to avoid arrest, prosecution, and payment of the lawful claims of his creditors (the fraudulent scheme).

60. The fraudulent scheme did not involve any misrepresentations of fact to the Plaintiff, so none were made or relied on. Instead, the fraudulent scheme involved the secret transfers and concealment of funds and assets belonging to the Plaintiff but in Sullivan's possession, custody, or control,

for the purpose of depriving the Plaintiff and the estate of Lita Sullivan of them and facilitating Sullivan's escape and evasion of law enforcement and his creditors.

Federal RICO Pattern of Racketeering Activity

61.  In furtherance of the fraudulent scheme, and for the purpose of executing and attempting to execute this scheme, Defendants Blank and Julius Baer-Florida repeatedly caused letters, reports, checks, drafts, banking instructions, bank statements, and other matters and things to be delivered to Sullivan, Schurti, and Julius Baer-Switzerland by the United States Postal Service and international or interstate courier in repeated violation, or attempted violation, of 18 U.S.C. §1341 (mail fraud).  Each of the defendants could reasonably foresee the uses of the United States Postal Service and international or interstate courier in connection with the execution of this fraudulent scheme.

62.  In furtherance of the fraudulent scheme, and for the purpose of executing and attempting to execute this scheme, Defendants Blank and Julius Baer-Florida repeatedly received by the United States Postal Service and international or interstate courier letters, reports, checks, drafts, banking instructions, bank statements, and other matters and things from Sullivan, Schurti, and Julius Baer-Switzerland in repeated violation, or attempted

16

violation, of 18 U.S.C. §1341 (mail fraud).  Each of the Defendants could reasonably foresee the uses of the United States Postal Service and international or interstate courier in connection with the execution of this fraudulent scheme.

63.  In furtherance of the fraudulent scheme, and for the purpose of executing and attempting to execute this scheme, Defendants Blank and Julius Baer-Florida repeatedly transmitted, or caused to be transmitted, by means of interstate wire, writings, signs, signals, pictures and sound communications, including but not limited to numerous interstate telephone calls, facsimile transmissions, bank wire transfers, in interstate commerce, in repeated violation, of attempted violation, of 18 U.S.C. §1343 (wire fraud). Each of the Defendants could reasonably foresee the uses of the interstate wire communications in connection with the execution of this fraudulent scheme.

64.  In furtherance of the fraudulent scheme, and for the purpose of executing and attempting to execute this scheme, Defendants Blank and Julius Baer-Florida repeatedly transmitted, or caused to be transmitted, by means of interstate and international wire, writings, signs, signals, pictures and sound communications, including but not limited to numerous telephone calls, facsimile transmissions, bank wire transfers, in interstate and

international commerce to Sullivan, Julius Baer-Switzerland, Schurti, and persons acting on their behalf, in repeated violation, of attempted violation, of 18 U.S.C. §1343 (wire fraud).  By way of example, see the wirings listed on Exhibit 1 attached hereto and incorporated by reference.  Each of the Defendants could reasonably foresee the uses of the interstate wire communications in connection with the execution of this fraudulent scheme.

65.  In furtherance of the fraudulent scheme, and for the purpose of executing and attempting to execute this scheme, Defendants Blank and Julius Baer-Florida repeatedly received, by means of interstate and international wire, writings, signs, signals, pictures and sound communications, including but not limited to numerous telephone calls, facsimile transmissions, bank wire transfers, in interstate and international commerce from Sullivan, Julius Baer-Switzerland, Schurti, and persons acting on their behalf, in repeated violation, of attempted violation, of 18 U.S.C. §1343 (wire fraud).  By way of example, see the wirings listed on Exhibit 1 attached hereto and incorporated by reference.  Each of the Defendants could reasonably foresee the uses of the interstate wire communications in connection with the execution of this fraudulent scheme.

66.  In furtherance of the fraudulent scheme, and for the purpose of executing and attempting to execute this scheme, Defendants Blank and

Julius Baer-Florida knowingly and repeatedly conducted financial transactions involving proceeds of specified criminal activity, i.e. murder, knowing that the transaction was designed and intended to conceal or disguise the nature, the location, the source, the ownership, or the control of such proceeds or to avoid a transaction reporting requirement under State or Federal law. These transactions included transporting, transmitting, or transferring, or attempting to transport, transmit, or transfer monetary instruments or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States. These transactions were done in repeated violation, or attempted violation, of 18 U.S.C. § 1956 (money laundering).

67. Each of these violations by defendants of the Mail Fraud statute, 18 U.S.C. § 1341, the Wire Fraud statute, 18 U.S.C. § 1343, and the Money Laundering statute, 18 U.S.C. § 1956, constitutes a separate instance of "racketeering activity" as defined in 18 U.S.C. §1961(1).

68. The multiple acts of racketeering activity by the defendants were interrelated, were part of a common and continuous pattern of fraudulent acts and schemes, were perpetrated for the same or similar purposes, and were not a series of disconnected, isolated or sporadic acts. The defendants continue to inflict injury and harm on the plaintiffs through such wrongful

conduct. The multiple acts of racketeering activity by the defendants thus constitute a "pattern of racketeering activity" as defined in 18 U.S.C. §1961(5).

69. By reason of the foregoing, Defendants Blank and Julius Baer-Florida unlawfully, knowingly and willfully used and invested income or proceeds received or derived from a pattern of racketeering activity, directly or indirectly, in the establishment, acquisition, or operation of the following enterprises: Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources, Inc., and the WalPart Trust in violation and attempted violation of 18 U.S.C. §1962(a).

70. By reason of the foregoing, Defendants Blank and Julius Baer-Florida, in violation of 18 U.S.C. §2, unlawfully, knowingly and willfully aided and abetted Sullivan in using and investing income or proceeds received or derived from a pattern of racketeering activity, directly or indirectly, in the establishment, acquisition, or operation of the following enterprises: Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources, Inc., and the Leichtenstein trust in violation and attempted violation of 18 U.S.C. §1962(a).

<u>Injury and Damage</u>

71.  As a direct and proximate result of these violations of 18 U.S.C. §1962(a) by Defendants, the Plaintiff has been injured in his business and property by unlawfully depriving him of property and assets in their possession, custody and control belonging to the estate of Lita Sullivan, and by hindering, delaying and preventing him from collecting the wrongful death judgment.

WHEREFORE, PLAINTIFF DEMANDS:

(a)     Trial by jury;

(b)     Judgment against Defendants, and each of them, for such sums as compensatory damages, trebled, as the evidence shall show him to be justly entitled to recover pursuant to 18 U.S.C. §1964(c), together with reasonable attorney's fees and litigation expenses, and all costs of this action;

(c)     A decree as provided for in 18 U.S.C. §1964(a) against Defendant Julius Baer-Florida ordering it to divest itself of any interest in any accounts held for the benefit of Sullivan, Nicola Resources, Inc., the WalPart Trust, or any other entity existing for Sullivan's use and benefit; and

21

(d)     Such other relief as the court and jury deem proper, including, but not limited to, any of the orders or judgments against any or all of the defendants as are authorized in 18 U.S.C. §1964(a).

COUNT 2
FEDERAL "RICO" CLAIM
VIOLATION OF 18 U.S.C. §1962(b)

72.  Paragraphs 1 through 42 and 44 through 70 are incorporated by reference.

73.  By reason of the foregoing circumstances the Defendants Blank and Julius Baer-Florida, unlawfully, knowingly and willfully acquired or maintained, directly or indirectly, an interest in or control of the following enterprises: Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources, Inc., and the Liechtenstein Trust, through a pattern of racketeering activity in violation and attempted violation of 18 U.S.C. §1962(b).

74.  By reason of the foregoing circumstances the Defendants Blank and Julius Baer-Florida, in violation of 18 U.S.C. §2, unlawfully, knowingly and willfully aided and abetted Sullivan in acquiring or maintaining, directly or indirectly, an interest in or control of the following enterprises:  Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources, Inc., and the Leichtenstein Trust, through a pattern of racketeering activity in violation and attempted violation of 18 U.S.C. §1962(b).

22

<u>Injury and Damage</u>

75.  As a direct and proximate result of these violations of 18 U.S.C. §1962(b) by Defendants, the Plaintiff has been injured in his business and property by unlawfully depriving him of property and assets in their possession, custody and control belonging to the estate of Lita Sullivan, and by hindering, delaying and preventing him from collecting the wrongful death judgment.

WHEREFORE, PLAINTIFF DEMANDS:

(a)    Trial by jury;

(b)    Judgment against Defendants, and each of them, for such sums as compensatory damages, trebled, as the evidence shall show him to be justly entitled to recover pursuant to 18 U.S.C. §1964(c), together with reasonable attorney's fees and litigation expenses, and all costs of this action;

(c)    A decree as provided for in 18 U.S.C. §1964(a) against Defendant Julius Baer-Florida ordering it to divest itself of any interest in any accounts held for the benefit of Sullivan, Nicola Resources, Inc., the WalPart Trust, or any other entity existing for Sullivan's use and benefit; and

(d)    Such other relief as the court and jury deem proper, including, but not limited to, any of the orders or judgments against any or all of the defendants as are authorized in 18 U.S.C. §1964(a).

COUNT 3
FEDERAL RICO CLAIM
VIOLATION OF 18 U.S.C. §1962(c)

76.  Paragraphs 1 through 42 and 44 through 70 are incorporated by reference.

77.  By reason of the foregoing the Defendants Blank and Julius Baer-Florida unlawfully, knowingly and willfully conducted and participated directly or indirectly in the conduct of the affairs of the following enterprises:  Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources, Inc., and the Leichtenstein Trust, through a pattern of racketeering activity in violation or attempted violation of 18 U.S.C. §1962(c).

78.  By reason of the foregoing circumstances the Defendants Blank and Julius Baer-Florida, in violation of 18 U.S.C. §2, unlawfully, knowingly and willfully aided and abetted Sullivan in acquiring or maintaining, directly or indirectly, an interest in or control of the following enterprises:  Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources, Inc., and the

24

Leichtenstein Trust, through a pattern of racketeering activity in violation and attempted violation of 18 U.S.C. §1962(c).

Injury and Damage

79.  As a direct and proximate result of these violations of 18 U.S.C. §1962(c) by Defendants, the Plaintiff has been injured in his business and property by unlawfully depriving him of property and assets in their possession, custody and control belonging to the estate of Lita Sullivan, and by hindering, delaying and preventing him from collecting the wrongful death judgment.

WHEREFORE, PLAINTIFF DEMANDS:

(a)   Trial by jury;

(b)   Judgment against Defendants, and each of them, for such sums as compensatory damages, trebled, as the evidence shall show him to be justly entitled to recover pursuant to 18 U.S.C. §1964(c), together with reasonable attorney's fees and litigation expenses, and all costs of this action;

(c)   A decree as provided for in 18 U.S.C. §1964(a) against Defendant Julius Baer-Florida ordering it to divest itself of any interest in any accounts held for the benefit of Sullivan, Nicola Resources, Inc., the

25

WalPart Trust, or any other entity existing for Sullivan's use and benefit; and

    (d)    Such other relief as the court and jury deem proper, including, but not limited to, any of the orders or judgments against any or all of the defendants as are authorized in 18 U.S.C. §1964(a).

COUNT 4
FEDERAL RICO CONSPIRACY
VIOLATION OF 18 U.S.C. §1962(d)

80.    Paragraphs 1 through 42, 44 through 78 are incorporated by reference.

81.    By reason of the foregoing circumstances and events, Defendants individually and collectively, unlawfully, knowingly and willfully conspired and continue to conspire with one another, and with Sullivan, Schurti, Nicola Resources, Inc. and the WalPart Trust to violate the provisions of 18 U.S.C. §1962(a), (b) and (c), in violation of 18 U.S.C. §1962(d).

Injury and Damage

82.    As a direct and proximate result of these violations of 18 U.S.C. §1962(d) by Defendants, the Plaintiff has been injured in his business and property by unlawfully depriving him of property and assets in their possession, custody and control belonging to the estate of Lita Sullivan, and

26

by hindering, delaying and preventing him from collecting the wrongful death judgment.

WHEREFORE, PLAINTIFF DEMANDS:

(a)    Trial by jury;

(b)    Judgment against Defendants, and each of them, for such sums as compensatory damages, trebled, as the evidence shall show him to be justly entitled to recover pursuant to 18 U.S.C. §1964(c), together with reasonable attorney's fees and litigation expenses, and all costs of this action;

(c)    A decree as provided for in 18 U.S.C. §1964(a) against Defendant Julius Baer-Florida ordering it to divest itself of any interest in any accounts held for the benefit of Sullivan, Nicola Resources, Inc., the WalPart Trust, or any other entity existing for Sullivan's use and benefit; and

(d)    Such other relief as the court and jury deem proper, including, but not limited to, any of the orders or judgments against any or all of the defendants as are authorized in 18 U.S.C. §1964(a).

COUNT 5
FLORIDA "CRCPA" CLAIM
VIOLATION OF FLA. STATS. §772.103(1)

27

83.    Paragraphs 1 through 42, and 44 through 70, are incorporated by reference.

### The Florida CRCPA "Persons" Injury and Damage

84.    The Plaintiff is a "person" within the meaning of Florida CRCPA.

85.    Each Defendant is a "person" within the meaning of Florida CRCPA.

86.    Sullivan is a "person" within the meaning of Florida CRCPA.

87.    Nicola Resources, Inc. is a "person" within the meaning of Florida CRCPA.

88.    Schurti is a "person" within the meaning of Florida CRCPA.

89.    Leichtenstein trust is a "person" within the meaning of Florida CRCPA.

### The Florida CRCPA "Enterprises"

90.    Sullivan is an "enterprise" within the meaning of Florida CRCPA.

91.    Julius Baer-Florida is an "enterprise" within the meaning of Florida CRCPA.

92.    Julius Baer-Switzerland is an "enterprise" within the meaning of Florida CRCPA.

28

93.     Nicola Resources, Inc. is an "enterprise" within the meaning of Florida CRCPA.

94.     The Leichtenstein trust is an "enterprise" within the meaning of Florida CRCPA.

<u>Relationship of Florida CRCPA Persons and Enterprises</u>

95.     Defendant Blank was "employed" by or "associated" with Sullivan, Julius Baer-Florida and Julius Baer-Switzerland within the meaning of Florida CRCPA.

96.     Defendant Blank was "associated with" Nicola Resources, Inc. and the Leichtenstein trust within the meaning of Florida CRCPA

97.     Defendant Julius Baer-Florida was "employed" by or "associated" with Sullivan and Julius Baer-Switzerland within the meaning of Florida CRCPA.

98.     Defendant Julius Baer-Florida was or "associated" with Defendant Blank, Nicola Resources, Inc. and the Leichtenstein trust within the meaning of Florida CRCPA.

<u>The Florida CRCPA Pattern of Racketeering Activity</u>

99.     In committing the acts described above, the Defendants unlawfully and repeatedly obtained, used, and appropriated property belonging to the estate of Lita Sullivan with intent to deprive her heirs of her

29

property in violation of Fla. Stats. §812.014 (theft).  To the extent that any of the Defendants did not participate directly in the theft, they knowingly and willfully agreed, conspired and combined in these violations of Fla. Stats. §812.014 in violation of Fla. Stats. §777.04 (criminal conspiracy).

100.   In committing the acts described above, the Defendants have committed a gross fraud and cheat at common law against the Plaintiff in violation of Fla. Stats. §817.29 (Cheating).  To the extent that any of the Defendants did not participate directly in the theft, they knowingly and willfully agreed, conspired and combined in these violations of Fla. Stats. §817.29 in violation of Fla. Stats. §777.04 (criminal conspiracy).

101.   Each of these instances of taking, diverting, misappropriating and misapplying the Plaintiffs' money and property constitutes a separate violation, or attempted violation, of Fla. Stats. §§812.04 and 817.29.

102.   Each of these violations by the Defendants of the state Theft statute, Fla. Stats. §812.014; the state Cheating statute, Fla. Stats. §817.29; the federal Mail Fraud statute, 18 U.S.C. §1341, the federal Wire Fraud statute, 18 U.S.C. §1343, and the federal Money Laundering statute, 18 U.S.C. §1956, constitutes a separate instance of "Criminal Activity" as defined in Fla. Stats. §772.101.

103.   In furtherance of the fraudulent scheme, and for the purpose of executing and attempting to execute this scheme, Defendants individually and collectively, unlawfully, knowingly and willfully endeavored and conspired, and continue to endeavor and conspire with one another, and with Sullivan, Schurti, Nicola Resources, Inc. and the WalPart Trust to violate the provisions to violate Florida CRCPA.

104.   These multiple acts of criminal activity by the Defendants were interrelated, were part of a common and continuous pattern of fraudulent acts and schemes, were perpetrated for the same or similar purposes, and were not a series of disconnected, isolated or sporadic acts.  The Defendants continue to inflict injury and harm on the Plaintiff through such wrongful conduct.   The multiple acts of criminal activity by the Defendants thus constitute a "pattern of criminal activity" as defined in Fla. Stats. §772.101(4).

105.   By reason of the foregoing, Defendants Blank and Julius Baer-Florida unlawfully, knowingly and willfully used and invested income or proceeds received or derived from a pattern of racketeering activity, directly or indirectly, in the establishment, acquisition, or operation of the following enterprises:  Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources,

31

Inc., and the WalPart Trust in violation and attempted violation of Fla. Stats. §772.103(1).

106.   By reason of the foregoing, Defendants Blank and Julius Baer-Florida, unlawfully, knowingly and willfully aided and abetted Sullivan in using and investing income or proceeds received or derived from a pattern of racketeering activity, directly or indirectly, in the establishment, acquisition, or operation of the following enterprises:  Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources, Inc., and the Leichtenstein trust in violation and attempted violation of Fla. Stats. §772.103(1).

<u>Injury and Damage</u>

107.   As a direct and proximate result of these violations of Fla. Stats. §772.103(2) by the Defendants, the Plaintiff has been injured by unlawfully depriving him of property and assets in their possession, custody and control belonging to the estate of Lita Sullivan, and by hindering, delaying and preventing him from collecting the wrongful death judgment.

WHEREFORE, PLAINTIFF DEMANDS:

(a)    Trial by jury;

(b)    Judgment against Defendants, and each of them, for such sums as compensatory damages, trebled, as the evidence shall show him to be justly entitled to recover pursuant to Fla. Stats. §772.104, together with

reasonable attorney's fees and litigation expenses, and all costs of this action;

(c)     A decree as provided for in Fla. Stats. §772.104 against Defendant Julius Baer-Florida ordering it to divest itself of any interest in any accounts held for the benefit of Sullivan, Nicola Resources, Inc., the WalPart Trust, or any other entity existing for Sullivan's use and benefit; and

(d)     Such other relief as the court and jury deem proper, including, but not limited to, any of the orders or judgments against any or all of the defendants as are authorized in Fla. Stats. §772.104.

COUNT 6<br>
FLORIDA "CRCPA" CLAIM<br>
VIOLATION OF FLA. STATS. §772.103(2)

108.   Paragraphs 1 through 42, and 44 through 78, and 84 through 106 are incorporated by reference.

109.   By reason of the foregoing circumstances the Defendants Blank and Julius Baer-Florida, unlawfully, knowingly and willfully acquired or maintained, directly or indirectly, an interest in or control of the following enterprises: Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources, Inc., and the Liechtenstein Trust, through a pattern of racketeering activity in violation and attempted violation of Fla. Stats. §772.103(2).

33

110.   By reason of the foregoing circumstances the Defendants Blank and Julius Baer-Florida, unlawfully, knowingly and willfully aided and abetted Sullivan in acquiring or maintaining, directly or indirectly, an interest in or control of the following enterprises:  Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources, Inc., and the Leichtenstein Trust, through a pattern of racketeering activity in violation and attempted violation of Fla. Stats. §772.103(2).

<u>Injury and Damage</u>

111.   As a direct and proximate result of these violations of Fla. Stats. §772.103(2) by the Defendants, the Plaintiff has been injured by unlawfully depriving him of property and assets in their possession, custody and control belonging to the estate of Lita Sullivan, and by hindering, delaying and preventing him from collecting the wrongful death judgment.

WHEREFORE, PLAINTIFF DEMANDS:

(a)    Trial by jury;

(b)    Judgment against Defendants, and each of them, for such sums as compensatory damages, trebled, as the evidence shall show him to be justly entitled to recover pursuant to Fla. Stats. §772.104, together with reasonable attorney's fees and litigation expenses, and all costs of this action;

34

(c)   A decree as provided for in Fla. Stats. §772.104 against Defendant Julius Baer-Florida ordering it to divest itself of any interest in any accounts held for the benefit of Sullivan, Nicola Resources, Inc., the WalPart Trust, or any other entity existing for Sullivan's use and benefit; and

(d)   Such other relief as the court and jury deem proper, including, but not limited to, any of the orders or judgments against any or all of the defendants as are authorized in Fla. Stats. §772.104.

COUNT 7
FLORIDA "CRCPA" CLAIM
VIOLATION OF FLA. STATS. §772.103(3)

112.   Paragraphs 1 through 42, and 44 through 78, and 84 through 106 are incorporated by reference.

113.   By reason of the foregoing the Defendants Blank and Julius Baer-Florida unlawfully, knowingly and willfully conducted and participated directly or indirectly in the conduct of the affairs of the following enterprises:  Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources, Inc., and the Leichtenstein Trust, through a pattern of racketeering activity in violation or attempted violation of Fla. Stats. § 772.103(3).

114.   By reason of the foregoing circumstances the Defendants Blank and Julius Baer-Florida, unlawfully, knowingly and willfully aided and abetted Sullivan in acquiring or maintaining, directly or indirectly, an interest in or control of the following enterprises:  Julius Baer-Florida, Julius Baer-Switzerland, Nicola Resources, Inc., and the Leichtenstein Trust, through a pattern of racketeering activity in violation and attempted violation of Fla. Stats. § 772.103(3).

<u>Injury and Damage</u>

115.   As a direct and proximate result of these violations of Fla. Stats. §772.103(3) by the Defendants, the Plaintiff has been injured by unlawfully depriving him of property and assets in their possession, custody and control belonging to the estate of Lita Sullivan, and by hindering, delaying and preventing him from collecting the wrongful death judgment.

WHEREFORE, PLAINTIFF DEMANDS:

(a)   Trial by jury;

(b)   Judgment against Defendants, and each of them, for such sums as compensatory damages, trebled, as the evidence shall show him to be justly entitled to recover pursuant to Fla. Stats. §772.104, together with reasonable attorney's fees and litigation expenses, and all costs of this action;

36

(c)     A decree as provided for in Fla. Stats. §772.104 against Defendant Julius Baer-Florida ordering it to divest itself of any interest in any accounts held for the benefit of Sullivan, Nicola Resources, Inc., the WalPart Trust, or any other entity existing for Sullivan's use and benefit; and

(d)     Such other relief as the court and jury deem proper, including, but not limited to, any of the orders or judgments against any or all of the defendants as are authorized in Fla. Stats. §772.104.

COUNT 8
FLORIDA "CRCPA" CLAIM
VIOLATION OF FLA. STATS. §772.103(4)

116.   Paragraphs 1 through 42, and 44 through 78, and 84 through 106, 109, 110, 113, 114 are incorporated by reference.

117.   By reason of the foregoing circumstances and events, Defendants individually and collectively, unlawfully, knowingly and willfully endeavored and conspired, and continue to endeavor and conspire, with one another, and with Sullivan, Schurti, Nicola Resources, Inc. and the WalPart Trust to violate the provisions of Fla. Stats. §772.103(1), (2), and (3) in violation of Fla. Stats. §772.103(4).

Injury and Damage

118.   As a direct and proximate result of these violations of Fla. Stats. §772.103(4) by the Defendants, the Plaintiff has been injured by unlawfully depriving him of property and assets in their possession, custody and control belonging to the estate of Lita Sullivan, and by hindering, delaying and preventing him from collecting the wrongful death judgment.

WHEREFORE, PLAINTIFF DEMANDS:

(a)    Trial by jury;

(b)    Judgment against Defendants, and each of them, for such sums as compensatory damages, trebled, as the evidence shall show him to be justly entitled to recover pursuant to Fla. Stats. §772.104, together with reasonable attorney's fees and litigation expenses, and all costs of this action;

(c)    A decree as provided for in Fla. Stats. §772.104 against Defendant Julius Baer-Florida ordering it to divest itself of any interest in any accounts held for the benefit of Sullivan, Nicola Resources, Inc., the WalPart Trust, or any other entity existing for Sullivan's use and benefit; and

(d)    Such other relief as the court and jury deem proper, including, but not limited to, any of the orders or judgments against any or all of the defendants as are authorized in Fla. Stats. §772.104.

COUNT 9
FRAUDULENT TRANSFER OF ASSETS TO AVOID CREDITORS

119.   Paragraphs 1 through 42 are incorporated by reference.

120.   By reason of the foregoing, Defendants individually and collectively, unlawfully, knowingly and willfully endeavored and conspired, and continue to endeavor and conspire, with one another, and with Sullivan, Schurti, Nicola Resources, Inc. and the WalPart Trust to deprive the Plaintiff of assets belonging to the estate of Lita Sullivan and hinder, delay, and prevent collection of the judgment in the wrongful death action.

WHEREFORE, PLAINTIFF DEMANDS:

(a)     Trial by jury;

(b)     Judgment against Defendants, and each of them, for such sums as compensatory damages as the evidence shall show him to be justly entitled to recover together with reasonable attorney's fees and litigation expenses, and all costs of this action.

COUNT 10
INTERFERENCE WITH PROPERTY, UNJUST ENRICHMENT,
AND IMPLIED CONTRACT

121.   Paragraphs 1 through 42 are incorporated by reference.

122.   By reason of the foregoing, Defendants individually and collectively, unlawfully, knowingly and willfully endeavored and conspired, and continue to endeavor and conspire, with one another, and with Sullivan,

Schurti, Nicola Resources, Inc. and the WalPart Trust to interfere with the Plaintiff's possession and use of assets belonging to the estate of Lita Sullivan and hinder, delay, and prevent collection of the judgment in the wrongful death action.

123.   By reason of the foregoing, Defendants individually and collectively, unlawfully, knowingly and willfully endeavored and conspired, and continue to endeavor and conspire, with one another, and with Sullivan, Schurti, Nicola Resources, Inc. and the WalPart Trust to and hinder, delay, and prevent collection of the judgment in the wrongful death action by taking, appropriating and disposing of assets belonging to the estate of Lita Sullivan, or subject to the lien of the judgment in the wrongful death action. The Defendants have been unjustly enriched and Plaintiff is entitled to accounting for the amounts so taken, appropriated, and disposed of, and restitution of those amounts from the Defendants.

124.   By reason of the foregoing, the Plaintiff is entitled to recover from the Defendants on an implied contract for money had and received the value of all of the assets that the Defendants, Sullivan, Schurti, Nicola Resources, Inc. and the WalPart Trust took, appropriated, and disposed of belonging to the estate of Lita Sullivan or subject to the lien of the judgment in the wrongful death action.

40

WHEREFORE, PLAINTIFF DEMANDS:

(a)     Trial by jury;

(b)     Judgment against Defendants, and each of them, for such sums as compensatory damages as the evidence shall show him to be justly entitled to recover together with reasonable attorney's fees and litigation expenses, and all costs of this action.

This 25th day of June 2004.

Attorneys for Plaintiff:

BOONE & STONE
By:s/David Wm. Boone
David Wm. Boone
Florida State Bar No. 259081

3166 Mathieson Drive
Atlanta, Georgia  30305
TEL   404/239-0305
FAX  404/239-0520
Email address:  david.boone@dwboonelaw.net

William S. Stone
Georgia State Bar No. 684636

P. O. Drawer 70
Blakely, Georgia 39823
TEL   229/723-3045
FAX  229/723-4834
Email address:  billstone@stonelaw.com

John B. (Brad) Moores
Florida State Bar No. 364-789

506 Datura St., Suite B
West Palm Beach, FL 33401
TEL   561/659-6500
FAX  561/659-5493

Email address:  JBMoores@msn.com

**CERTIFICATE OF SERVICE**

I certify that I have this day served a true and correct copy of the foregoing upon all parties and their counsel by depositing the same in the United States mail in an envelope with sufficient postage attached thereto properly addressed to the following persons:

Jane W. Moscowitz
MOSCOWITZ MOSCOWITZ & MAGOLNICK, P.A.
Mellon Financial Center
1111 Brickell Avenue, Suite 2050
Miami, Florida 33131
TEL 305/379-8300
FAX 305/379-4404
jmoscowitz@mmmpa.com

Danforth Newcomb
Margaret A. Helen Macfarlane
Kiera S. Gans
SHEARMAN & STERLING, LLP
599 Lexington Ave.
New York, NY 10022
TEL 212/848-4000
FAX 212/848-7179

Barry Wm. Levine
Leon B. Kellner
Adam Proujansky
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L St. NW
Washington, DC 20037
TEL 202/785-9700
FAX 202/887-0689

This 25th day of June, 2004.

_____