# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  03-80849-CIV-MIDDLEBROOKS

FILED by _____ D.C.

OCT - 4 2004

CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

THE FULTON COUNTY ADMINISTRATOR
FOR THE ESTATE OF LITA McCLINTON
SULLIVAN,

       Plaintiff,

vs.

MICHAEL BLANK and JULIUS BAER BANK, LTD.

       Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss the Second Amended Complaint (D.E. #100). This matter was referred to the undersigned United States Magistrate Judge by the Honorable Donald M. Middlebrooks, United States District Judge, for Report and Recommendation. For the following reasons the undersigned respectfully recommends Defendants' Motion be granted.

## BACKGROUND

Plaintiff, the Fulton County Administrator for the Estate of Lita Sullivan (the "Administrator"), has filed the instant action against Defendants Julius Baer Bank, Ltd., and its employee and purported agent, Michael Blank, alleging a claim for unjust enrichment and/or implied contract.[1] The factual allegations contained in the Second Amended Compliant are identical to the factual allegations contained in the First Amended Complaint. Essentially, Plaintiff alleges that Julius Baer Bank and its purported agent Michael Blank ("Blank") together with non-parties James Vincent Sullivan ("Sullivan" or "James Sullivan"), and Andreas Schurti ("Schurti"), a citizen and resident of the Principality of Lichenstein, "participated in the establishment" of offshore trusts and accounts for James Sullivan with the knowledge that Sullivan, a bank client, was using them to conceal funds from the estate of his wife, Lita McClinton Sullivan, whom Sullivan allegedly murdered in January of 1987.

---

[1] Plaintiff previously alleged claims under the Florida and Federal RICO statutes, for fraudulent transfer, and for something styled "interference with property," which claims were dismissed by Judge Middlebrooks on June 15, 2004 (the "Order"). In said Order Judge Middlebrooks dismissed with prejudice Plaintiff's RICO and fraudulent transfer counts (Counts I-IX), finding that any further attempt to replead these claims would be futile; the District Court also dismissed the remainder of the First Amended Complaint (Count X), but extended to Plaintiff another opportunity to amend the Complaint in order to attempt to state a claim for unjust enrichment or implied contract. Although Plaintiff's Second Amended Complaint repleads these previously dismissed claims, Plaintiff represents that she repleaded these claims "solely to preserve Plaintiff's right to appeal." Plaintiff's Resp. in Opp., p.1. Accordingly, although Plaintiff's Second Amended Complaint contains ten counts, it is in reality a one-count claim for unjust enrichment and implied contract.

The relevant background of this case, as alleged in the Second Amended Complaint, is as follows. On February 24, 1994, the Administrator obtained a civil judgment against James Sullivan in the amount of $4 million for the wrongful death of Sullivan's wife, Lita McClinton Sullivan. On April 23, 1998, James Sullivan was indicted for his wife's murder and law enforcement authorities subsequently obtained an international fugitive warrant for Sullivan's arrest. Plaintiff alleges that at or about this time Sullivan moved from Costa Rica to Bangkok, Thailand, where he resided until he was captured on July 2, 2002. At the time of the filing of the First Amended Complaint, Sullivan was allegedly awaiting extradition on the pending state murder charge.

According to the Second Amended Complaint, some time after the murder of his wife, Sullivan established a corporation organized under the laws of the British Virgin Islands, known as Nicola Resources Inc., which had no legitimate business or business purpose. Thereafter, Sullivan, along with Defendant Blank, acting as agent for Julius Baer Bank, LTD., and non-party Nicola Shurti, a resident of Lichtenstein, "utiliz[ed]" Nicola Resources "to establish a trust in the country of Lichtenstein, ... known as the WalPart Trust," the purpose of which was "to conceal the existence, identity and location of property under Sullivan's control which lawfully belonged to his creditors" and to "further [Sullivan's interest] ... to avoid arrest, prosecution, and payment of the lawful claims of his creditors." Second Am. Comp., ¶¶ 34-35. According to the Second Amended Complaint, Defendant Blank, is an

employee and agent of Bank Julius Baer Company, Ltd. ("Julius Baer-Florida"), which is a Florida Corporation and "the actual, implied, or apparent agent and International Representative Office of Bank Julius Baer & Company Ltd. Of Zurich, Switzerland ("Julius Baer-Switzerland") (Julius Baer-Florida and Julius Baer-Switzerland shall collectively be referred to as "Julius Baer Bank"). Second Am. Compl. ¶¶9-10, 13. The Second Amended Complaint alleges that Blank, as agent of Julius Baer Bank, "aided and abetted Sullivan ... and participated in the establishment of the trust [in Lichtenstein]" with knowledge of Sullivan's intent to use this trust to hide his assets from his creditors. Id. at 36. The Second Amended Complaint goes on to allege that Julius Baer Bank "managed" several "accounts" for Schurti and the WalPart Trust to conceal Sullivan's assets and that "Sullivan, Blank and Schurti ... are continuing to use the WalPart Trust to conceal the existence, identity, and location of property under Sullivan's control," and to make them "available ... for his use and benefit." Id. at 37, 39.

## LEGAL ANALYSIS

Defendants predicate their request for dismissal of the Complaint on Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a federal court considers a Rule12(b)(6) motion for dismissal at the pleading stage, the court must apply the Federal Rules of Civil Procedure and not the state law in question. Scarfato v. Nat'l Cash Register Corp., 830 F. Supp. 1441, 1442 (M.D. Fla. 1993)(citing Southeast Banking Corp. v. Bassett, 827 F. Supp. 742 (S.D. Fla. 1993); Airlines Reporting

Corp. v. Atlantic Travel Service, Inc., 841 F. Supp. 1166, 1167 (S.D. Fla. 1993)).

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint shall

contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Caster v. Hennessey, 781 F.2d 1569, 1570 (11th Cir. 1986). Courts have

interpreted this standard liberally. While the pleading must be sufficient to give the

defendant fair notice of what the claim is and the grounds upon which it rests, the

pleading is not required to set forth the detailed facts upon which the claim is based.

Conley v. Gibson, 355 U.S. 41, 47 (1957). The parties may, through discovery,

inquire further into the details underlying the claim. Bazal v. Belford Trucking Co.,

Inc., 442 F. Supp. 1089, 1102 (S.D. Fla. 1977). The Eleventh Circuit has recognized

"the well-established policy in the federal courts favoring liberal pleading

requirements." Warner v. Alexander Grant & Co., 828 F.2d 1528, 1531 (11th Cir.

1987).

As to the viability of a cause of action the court must accept all well-pleaded

allegations of the complaint as true, and all ambiguities or doubts concerning

sufficiency of the claim must be resolved in favor of the pleader. Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984); Lowell v. American Cyanamid Co., 177 F.3d 1228,

1229 (11th Cir. 1999). Consideration of matters beyond the four corners of the

Complaint is improper. Milburn v. United States, 734 F.2d 762 (11th Cir. 1984);

Thomas v. Burlington Industries, Inc., 769 F. Supp. 368, 370 (S.D. Fla. 1991).

Furthermore, the court cannot dismiss unless it appears beyond doubt that under no

set of facts can plaintiff state a claim which would entitle it to relief.   Hunnings v. Texaco, Inc., 29 F.3d 1480,1484 (11th Cir. 1994); Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986); In re Asbestos Litigation, 679 F. Supp. 1096, 1098 (S.D. Fla. 1987).   "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); In re Asbestos Litigation, 679 F. Supp. at 1098.

This Court agrees with Defendants that the Second Amended Complaint fails to allege facts, which, if true, would establish the elements of either unjust enrichment or implied contract, and, as such, dismissal of these claims is warranted. While an unjust enrichment claim and an implied in law contract claim are substantially similar, they are not identical.   A claim for unjust enrichment sounds in tort, whereas a claim for an implied contract sounds in contract.   Thus, the claims are a mutually exclusive means of seeking recompense for an alleged wrong.   Garel and Jacobs, P.A. v. Wick, 683 So.2d 184, 186 (Fla. 3d DCA 1996); Shibata v. Lim, 133 F.Supp.2d 1311, 1320 (M.D. Fla. 2000)("a plaintiff cannot recover under both unjust enrichment and breach of contract").

To state a claim for implied in law contract the plaintiff must allege: (1) that he or she conferred a benefit on the defendant; (2) that the defendant has knowledge of the benefit; (3) that the defendant has accepted or retained the benefit conferred; and (4) that the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.   Magwood v. Tate, 835 So.2d

1241, 1243 (Fla. 4th DCA 2003).  The elements of a claim for unjust enrichment, while stated slightly differently than those of implied in law contract, are identical in substance.  To state a claim for unjust enrichment the plaintiff must allege: (1) that the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) that the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it. Duncan v. Kasim, Inc., 810 So.2d 968, 970-71 (Fla. 5th DCA 2002);    Greenberg v. Miami Children's Hospital Research Institute, Inc., 264 F.Supp.2d 1064, 1072 (S.D. Fla. 2003)(citing Tooltrend, Inc. v. CMT Utensili SRL, 198 F.3d 802, 805 (11th Cir. 1999).

Absent from Plaintiff's Second Amended Complaint are factual allegations to support the required elements of a claim for either unjust enrichment or implied in law contract.  Plaintiff seems to believe that simply reciting the buzzwords "unjust enrichment" and "implied contract" is enough.  It is not.  Law in the Eleventh Circuit is clear that a complaint must allege facts sufficient to establish all of the elements of a cause of action. Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001)(the court noting that the complaint must contain allegations "from which we can identify each of the material elements necessary to sustain a recovery each of the material elements necessary to sustain a recovery under some viable legal theory."); St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986)("The pleading 'must contain either direct allegations on every

material point necessary to sustain a recovery on any legal theory ... or contain allegations from which an inference fairly may be drawn that evidence on those material points will be introduced at trial.'")(citations omitted); <u>Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.</u>, 711 F.2d 989, 995 (11th Cir. 1983)(holding that plaintiff must plead enough facts so that one can identify the elements of the cause of action).

Nor is it enough for Plaintiff to simply state conclusory phrases such as "the Defendants have been unjustly enriched." Second Am. Compl., ¶123.   Such a phrase is not a factual allegation, either direct or inferential, rather it is a conclusory assertion which carries no weight on a motion to dismiss.  On a motion to dismiss, factual allegations and reasonable inferences which can be drawn from them, are taken as true, but "conclusory allegations and unwarranted deductions of fact" are not taken as true.  <u>Edison v. Arenas</u>, 910 F.Supp. 609, 612 (M.D. Fla. 1995)(<u>citing, Gersten v. Rundle</u>, 833 F.Supp. 906, 910 (S.D. Fla. 1993), <u>quoting Assoc. Builders, Inc. v. Alabama Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974)).  Accordingly, because the conclusory assertion that money was "unjustly" acquired is not a direct or inferential allegation of fact, it will not save the Second Amended Complaint from dismissal.

It is clear from a review of the Second Amended Complaint that Plaintiff does not plead facts, which, if true, would establish the elements of either unjust enrichment or implied in law contract.  For example, absent from the Complaint are

any facts alleged supporting the first element of a claim for unjust enrichment or implied in law contract, namely, that the Plaintiff conferred a benefit on the Defendants. Indeed, the facts alleged n the Second Amended Complaint are to the contrary, indicting that any benefits that may have been conferred on Defendants were conferred by James Sullivan, and not by Plaintiff because it is Sullivan, not Plaintiff, who is alleged to have contracted with Defendants to engage in certain asset transfers. See Second Am. Compl. ¶¶25, 41.

Plaintiff attempts to get around this fact by rearguing her previously rejected argument that she, not Sullivan, was the owner of the funds. According to the Second Amended Complaint, "[i]mmediately upon the murder of Lita Sullivan, and by reason of the fact that he caused her murder, Sullivan was presumed by law to have predeceased her, and all of his property and assets became the property of her estate, with title thereto vested in the Plaintiff." Second Am. Compl., ¶24. As the undersigned noted in her previous Report and Recommendation, however, "Sullivan has not been found guilty of Lita Sullivan's murder. Therefore, any so-called legal 'presumption,' even if it were applicable, would not as yet apply." Report and Recommendation, p. 13 (D.E. #92). Moreover, Plaintiff cites no statute or case law, nor has independent research uncovered any, which would support Plaintiff's conclusory assertion that the victim becomes the heir of the murderer.[2] Accordingly,

---

[2]     In fact, as the undersigned noted in the previous Report and Recommendation (D.E. #92), if Georgia law applies, and all factors seem to indicate

there is no legal basis for the Plaintiff's assertion that all of Sullivan's property became Plaintiff's property at the time of her death.

Plaintiff also fails to allege any facts which, if proven, would establish another required element of both an unjust enrichment and implied in law contract claim, namely, that Defendants' received any benefit from Sullivan's deposit in Bank Julius Baer.  Thus, while the Second Amended Complaint alleges that Sullivan received a benefit, that Sullivan's assets were concealed from Plaintiff and made available to Sullivan for his use and benefit (Second Am. Compl., ¶¶ 33-35), there are *no* factual allegations that either Defendant received a benefit, from either Sullivan or Plaintiff.  Finally, there are no factual allegations that any Defendant had knowledge of any purported benefit conferred on Defendants by Plaintiff, or that Defendants accepted any such benefit.   The law is clear that in considering a motion to dismiss, a court "will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions." Jackson v. Bellsouth Telecomms., Inc., 181 F.Supp.2d 1345, 1361 (S.D. Fla. 2001).

---

it does as Lita Sullivan was murdered in Georgia, and the Georgia Court is administering her estate, the applicable Georgia Statute, GA Code Ann. §53-1-5 (1997), merely prevents a murdering spouse from inheriting anything he or she "otherwise" might have inherited, i.e., absent the murder. See Keith v. Johnson, 440 S.E. 2d 230, 232-33 (Ga. Ct. App. 1993). As the Court in Keith observed, the Georgia Code disinherits a murderer, but does not make "the victim ... the heir of the murderer." Id. at 233.

In conclusion, Plaintiff has failed to plead any facts, which, if true, would establish the elements of either an unjust enrichment or implied in law contract claim. Accordingly, the undersigned respectfully recommends the Second Amended Complaint be dismissed.  Plaintiff has had numerous opportunities to allege facts sufficient to state a claim against Defendants and has failed time and time again. The Second Amended Complaint fails to allege a single new fact beyond that contained in the dismissed First Amended Complaint.  It is clear to the undersigned that the reason for Plaintiff's repeated failure to allege facts that would establish a claim against Defendants is that Plaintiff cannot do so.  As such, any further effort to replead would be futile and dismissal with prejudice is warranted.  Foman v. Davis, 371 U.S. 178, 182 (1962).  In accordance with the above and foregoing it is hereby,

**RECOMMENDED** that Defendants' Motion to Dismiss the Second Amended Complaint (D.E. #100) be **GRANTED** and that Plaintiff's Second Amended Complaint be dismissed with prejudice and without leave to amend.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Donald M. Middlebrooks, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied,

488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir.

1993).

     **RESPECTFULLY SUBMITTED,** this 4th day of October, 2004, in Chambers,

at West Palm Beach, Florida.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE


CC: Hon. Donald M. Middlebrooks
     Jane W. Moscowitz, Esq.
     Danforth Newcomb,Esq.
     Barry William Levine, Esq.
     Brian B. Joslyn, Esq.
     David William Boone, Esq.